UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ARMAND WHITE, | ) |
| *Petitioner* | ) |
| vs. | ) CAUSE NO. 3:12-CV-87 RM |
| | ) (Arising out of 3:10-CR-49(03)RM) |
| UNITED STATES OF AMERICA, | ) |
| *Respondent* | ) |

OPINION and ORDER

Armand White pleaded guilty to aggravated bank robbery, 18 U.S.C. § 2113(d), and knowingly using or carrying a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c), and was sentenced to an aggregate term of 126 months' imprisonment. Mr. White now asks that his sentence be vacated, set aside, or corrected under 28 U.S.C. § 2255.[1]

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

---

[1] The motion to vacate was post-marked February 9, 2012, and received and filed on February 13, 2012, more than a year after the judgment became final. But under Rule 3(d) of the Rules Governing § 2255 Proceedings, "a paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system or or before the last day for filing," and Mr. White declared under penalty of perjury that he "placed [his] § 2255 Motion in the institutional legal mail...for delivery by the U.S. Postal Service First Class Mail Postage Pre-paid, on August 17, 2011." Accordingly, the court deems Mr. White's motion to be timely filed.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. The court's review of the record discloses that Mr. White's motion can be resolved without a hearing. *See* Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001); Daniels v. United States, 54 F.3d 290, 293 (7th Cir. 1995).

In Mr. White's plea agreement, he waived his right to appeal his conviction and sentence and to contest his conviction and sentence in a § 2255 proceeding. The plea agreement was signed by Mr. White, his attorney Kurt Earnst, and Assistant United States Attorney Frank Schaffer and contained the following language in paragraph 7:

> (h) I understand that the law gives a convicted person the right to appeal the conviction and sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255;

In paragraphs 9 and 10, Mr. White stated that he believed his attorney "had done all that anyone could do to counsel and assist [him]," that he offered his plea "freely and voluntarily and of my own accord, and that "no promises ha[d] been made to [him] other than those contained in [the plea agreement], nor ha[d] he been threatened in any way by anyone to cause [him] to plead guilty."

Mr. White seeks post-conviction relief with respect to his conviction and sentence on both counts of conviction despite the waivers and admissions in the plea agreement. Mr. White contends that he didn't possess the firearm used in the bank robbery, and that his attorney was ineffective because he didn't challenge the sufficiency of the evidence and "advised, urged and coerced" him into pleading guilty to crimes he didn't commit. Neither the record nor the law supports Mr. White's claims.

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005), when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the waiver, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000), or when the sentence is greater than the statutory maximum sentence for the offense of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005). While Mr. White doesn't specifically challenge the negotiation of the waiver of his right to file a § 2255 petition, he does challenge the plea agreement generally.

Mr. White stated at his change of plea hearing that he had read and understood the terms of the plea agreement, that he had discussed the plea agreement with his counsel before the plea hearing, that he understood he was giving up his right to appeal or otherwise challenge his sentence, and that he was

satisfied with the representation his counsel had provided. Mr. White also stated under oath that no one had threatened or forced him to plead guilty, or had made any promises, other than those contained in the plea agreement, as to what his sentence would be.

Mr. White's sworn statements at the change of plea hearing are presumed to be truthful, Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000), and the record supports a finding that his guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)). The plea agreement clearly and unambiguously sets forth the waiver of Mr. White's right to appeal and to file a § 2255 petition, the waiver was explained to him during the plea colloquy, and he acknowledged that he understood. Because Mr. White's plea was informed and voluntary, the waiver of his right to appeal or to file a § 2255 petition "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

The outcome would have been the same had Mr. White retained the right to petition for post-conviction relief. To prevail on his ineffective assistance of counsel claim, Mr. Wright would have to show that his attorney's performance was objectively unreasonable, and that the deficient performance prejudiced his defense, rendering the outcome of the proceedings against him unreliable. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984); Taylor v. Bradley,

448 F.3d 942, 948 (7th Cir. 2006); Jones v. Page, 76 F.3d 831, 840 (7th Cir. 1996). He can't meet that burden.

Mr. White admitted in his plea agreement and at the change of plea hearing that he offered his plea "freely and voluntarily," and that no one had threatened or forced him to plead guilty to robbing a federally insured bank while armed with a deadly weapon, in violation of 18 U.S.C. §§ 2113(d) and 2, and knowingly using or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).[2] Paragraph 7(f) of the plea agreement set out the factual basis for his plea:

> On December 7, 2009, myself and several people planned the robbery of Teachers Credit Union on Ireland Road in South Bend, Indiana. I went into the bank with several other people and at least one was armed with a handgun. I was aware that a handgun was to be used in the robbery. We entered the bank wearing masks. Those of us involved in the robbery fled the bank after the robbery and were transported by a getaway driver waiting for us.....I do not dispute that a firearm was used in the robbery with my knowledge or that the use of a firearm put peoples lives in jeopardy[.]

More detailed information about Mr. White's role in the offense was elicited at the change of plea hearing, during which Mr. White testified that he and his accomplices, Tremaine Grant and Dion Davis, robbed the Teachers Credit Union

---

[2] Under 18 U.S.C. § 2:
    (a) Whoever commits an offense against the United States or aids, abets, consels, commands, induces or procures its commission, is punishable as a principal.

    (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

5

at gun point on December 7, 2009, that he knew Grant would be carrying or using a firearm before they entered the bank and during the commission of the crime, and that he provided Mr. Grant with the gun. When asked whether he agreed that the government would be able to prove that he committed the offenses charged if the case went to trial, Mr. White stated that he did, and that he was guilty of the offenses charged in Counts 1 and 2 of the indictment.

Mr. White claims about his attorney's actions and the sufficiency of the evidence aren't supported by the record or the law, *see* United States v. Roberson, 474 F.3d 432, 433 (7th Cir. 2007) ("a defendant is liable for the reasonably foreseeable crimes committed by his accomplices in the course of the conspiracy"); United States v. Taylor, 226 F.3d 593, 596 (7th Cir. 2000); United States v. Woods, 148 F.3d 843, 848 (7th Cir. 1998), and are foreclosed by the waivers and admissions in his plea agreement and at the change of plea hearing.

Accordingly, the court DISMISSES Mr. White's motion to vacate, set aside, or correct sentence under 28 U.S.C. 2255 [Doc. No. 110 98 in Cause No. 3:10-CR-49(03)RM].

SO ORDERED.

ENTERED:  July 9, 2012  

/s/ Robert L. Miller, Jr.
Judge
United States District Court

cc: A. White

AUSA Schaffer